Johnson, J.
The question for decision by the courts below was whether the plaintiff was entitled to a reformation of the policy so as to substitute the word “buildings” for the word “building” in the description of the place where the property insured was located.
The proceeding is not one for a rescission of the contract, which, if granted, would relieve the parties from its obligations, but is one to reform the contract and to enforce it as reformed. In order to justify a decree for reformation, in case *448 of a mistake, it is necessary that the mistake should' be shown by clear and convincing proof, and shown to be mutual.
The finding of the court of appeals was that Dillaby was the agent of the defendant and the other insurance companies and was acting for them in obtaining the insurance covering the property of the plaintiff; that the insurance was solicited by Dillaby; that it was the intention of the plaintiff to insure all of its patterns in or upon the premises of the Mowry Company; that this fact was known to and understood by Dillaby; and that the use of the word “building” instead of the word “buildings” in the policy was through inadvertence or mistake of the parties.
The things necessary to authorize the reformation of the contract were, therefore, found by the court to exist. The court below weighed the evidence with the benefit of a full knowledge of the situation and the presence of the witnesses, and from an examination of the record we are not able to say that the finding of the court was not sustained by the required degree of proof. On the contrary we find that it is amply justified.
The total value of all of the patterns was between $2400 and $2500, of which those to the value of $2200 were in the frame building and the remainder in the brick building. Those in daily use in the foundry had a value of about $200. The total insurance upon the patterns in the brick and frame buildings- amounted to $1800, to which was added $200 insurance while in use in the foundry. *449 It will be seen that if defendant’s contention is correct, the parties not only intended to contract for $1800 insurance on about $300 worth of patterns in the brick building, but for no insurance whatever on the $2200 worth of patterns in the frame building.
When the insurance companies issued the policies, solicited by Dillaby, under the circumstances shown in the findings, he must be held to be their agent.
Section 9586, General Code, provides: “A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party, company or association, thereafter issuing a policy upon such application or a renewal thereof, anything in the application or policy to the contrary notwithstanding.”
In the negotiation leading up to the making of the contract the agent had such incidental power as was necessary to carry his authority into effect, and if by the mutual mistake of the agent and the insured the word “building” was used, when the parties intended to use the word “buildings,” the mistake of the agent was the mistake of the company, and, the mistake being mutual, the insured is entitled to have the contract reformed so as to state the truth and conform to the intention of the parties.
In Insurance Co. v. Williams, 39 Ohio St., 584, it is held that if the agent make a mistake in wrongly stating facts which were correctly given him by the insured in preparing the application, the *450 company is bound by and responsible for such mistake. In that case the contract was reformed and the company held to the “correct facts of the application and the actual contract made.”
As to the claim of the plaintiff in error with reference to the 80 per cent, co-insurance clause, the court of appeals also found that the terms of' the policy with reference to this clause were fully complied with by the plaintiff.
The judgment of the court of appeals will be affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Donahue, JJ., concur.